FILED
IN CLERKS OFFICE
U.S.                    N.Y:
★   SEP 16 2003   ★
P.M. _____
TIME A.M. _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

ORVILLE ETORIA

               Petitioner,

   – against –

FLOYD G. BENNETT,

               Respondent.

----------------------------------------X

MEMORANDUM,
and ORDER
01-CV-07421 (JBW)
03-MISC-0066

JACK B. WEINSTEIN, Senior District Judge:

    This petition was filed on October 31, 2001. Petitioner is represented by counsel. He makes the following claims:

    1) Petitioner was mentally incapacitated during the course of his trial and was incapable of rationally and factually understanding or appreciating the significance of the charges and proceeding or of assisting in preparing his defense.

    2) The trial court's failure to *sua sponte* order a psychiatric examination of Mr. Etoria and to conduct a hearing to determine his mental competence to stand trial, deprived him of his fair trial guaranteed by the due process clause of federal constitution.

    3) The trial court failed to ascertain whether petitioner understood the nature f his right to have the jury consider the lesser included offense of first degree manslaughter. The trial record, in



conjunction to the exhibits herein, now demonstrate that petitioner lacked understanding of the fundamental decision to request a manslaughter charge due to the deterioration of his mental competence. The resulting omission of the court to charge the jury to consider the manslaughter count deprived petitioner of due process, the right co counsel and a fair trial under the state and federal constitutions (*see: U.S. Constitution. Amends.* 6 & 14; *New York State Constitution*, Article 1, §§ 2 & 6.

4) Mr. Friedman provided petitioner with ineffective assistance of counsel by failing to conduct an investigation into the law and facts of this case, and moving the court to stop the trial proceedings when it became apparent that petitioner could not rationally, nor factually, understand the significance of the charges, nor proceeding. Alternatively, counsel's performance was inadequate when he proceeded to trial without first investigating and offering an affirmative defense on behalf of petitioner of not responsible by reason of mental disease or defect pursuant to *Penal Law* § 40.15.

5) Petitioner was deprived of his Sixth Amendment right to the effective assistance of appellate counsel by counsel's failure to winnow out weaker arguments on appeal and present claims that were obvious, comparatively stronger, and had a greater likelihood

of success.

      6) Mr. Friedman rendered ineffective trial assistance by failing to conduct an investigation into the law and facts of this case, and moving the court to stop the trial proceeding when it became apparent that petitioner could not rationally, nor factually, understand the significance of the charges, nor proceedings. Counsel's performance was also rendered inadequate when he proceeded to trial without first preparing and offering an affirmative defense of not responsible by reason of mental disease or defect pursuant to *Penal Law* § 40.15, on behalf of petitioner; by failing to protect petitioner's rights to due process, a fair, impartial jury and a fair trial counsel; also failed to request an intoxication instruction and object to admission of improper and prejudicial matters into evidence. Appellate counsel's failure to present these claims to the state Appellate Court on direct appeal rendered his assistance ineffective.

      7) Trial counsel failed to timely object to the prosecutrix's bolstering identification evidence.

      8) Trial counsel failed to request a voluntary intoxication instruction which would have informed the jury that petitioner's intoxication could be found to negate an intent to commit murder.

      9) Trial counsel's failure to move the court to conduct an inquiry regarding *Venireman Bluester's* knowledge that petitioner was

in jail and his failure to object to the selection of members from that panel as trial jurors, deprived petitioner of his rights to cross-examination, confrontation, impartial jury, fair trial and adequate trial representation (*U.S. Const.* Amends 6 & 14; *N.Y. State Constitution*, Article 1 §§ 2 & 6).

10) The prosecutrix repeated improper questioning of prospective jurors without objections which caused petitioner to be tried by a jury partial to the People.

11) The trial court failed to ascertain whether petitioner understood the nature of his right to have the jury consider the lesser included offense of First Degree Manslaughter. The trial record herein demonstrates that petitioner lacked understanding of the fundamental decision to request a manslaughter charge. The resulting omission of the court to charge the jury to consider the manslaughter count deprived petitioner of due process, the right to the effective assistance of counsel and a fair trial under the state and federal constitutions (*See: U.S. Constitution*, Amends 6 & 14; *New York State Constitution*, Article 1 §§ 2 & ^.

12) The trial court's failure to *sua sponte* order a psychiatric examination of Mr. Etoria and to conduct a hearing to determine his mental competence to stand trial, deprived him of the fair trial guarantee by the due process clauses of both the state and federal

4

constitution. Moreover, Mr. Etoria was mentally incapacitated during the course of his trial and was incapable of rationally and factually understanding or appreciating the significance of the charges and proceedings or of assisting in preparing his defense.

13) The claims actually presented by appellate counsel were manifestly and comparatively weaker than the claims presented herein. Appellate counsel's failure to present the claims herein for review on appeal operated to prejudice petitioner.

The case is set down for a full hearing. Evidence will be taken if presented. The court is particularly interested in the incompetency claim and related issues. Petitioner shall be present by telephone. The hearing is set for October 29, 2003 at 10:00 a.m. Adjournments will be discouraged.

Notify counsel and petitioner.

SO ORDERED.

Jack B. Weinstein
Senior District Judge

Dated: 9/10, 2003
Brooklyn, NY

5